UNITED STATES of America, Plaintiff,

v.

David L. PAUL, Christopher Berry and Ghaith Pharaon, Defendants.

No. 92–0134–CR–GRAHAM.

United States District Court,
S.D. Florida.

Sept. 15, 1993.

Allan J. Sullivan, Cheryl A. Bell and William Xanttopoulos, Miami, FL, for U.S.

Stephen C. Neal and Scott D. Devereaux of Kirkland & Ellis, Chicago, IL, for defendant, David L. Paul.

Jeffrey Crockett, Coffey, Aragon, Martin & Burlington, Miami, FL, for defendant, William Christopher Berry.

## ORDER AFFIRMING MAGISTRATE'S REPORT AND RECOMMENDATION

GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon Defendant, David L. Paul's ("Paul"), Motion for Separate Trials of Counts and Defendant, Christopher Berry's ("Berry"), Motion for Severance.

**THE MATTERS** were referred to the Honorable Barry L. Garber, United States Magistrate. A Report and Recommendation dated August 17, 1993, and a Supplemental Report and Recommendation dated September 10, 1993, have been filed, recommending that (1) both Paul's and Berry's Motions for Severance be granted and that the trial against Paul proceed to trial first on Counts 29 through 99 of the Superseding Indictment, in which Paul is named as a sole defendant and (2) following the trial of Paul, Defendants, Paul and Berry, be tried on Counts 1 through 28 and Count 100 of the Superseding Indictment. The government has filed objections to the Report.

Fed.R.Crim.P. 8(b) provides:

**(b) Joinder of Defendants.** Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

Defendant, Berry, is not charged in and has no relationship to the charges contained in Counts 29 through 99. Therefore, granting Berry's motion for severance in accordance with Fed.R.Crim.P. 8(b) is appropriate.

Fed.R.Crim.P. 14 provides in pertinent part:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Paul's motion for separate trials is granted in accordance with Fed.R.Crim.P. 14. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the portions of United States Magistrate Barry L. Garber's Report and Recommendation of August 17, 1993, and Supplemental Report and Recommendation of September 10, 1993, which are consistent with this Court's findings are hereby RATIFIED, AFFIRMED and APPROVED, and based thereon, the government's Objections thereto are OVERRULED and DENIED. It is further

**ORDERED AND ADJUDGED** that the trial of this cause is continued to October 4, 1993. Jury selection shall commence on Wednesday, October 6, 1993, at 9:30 a.m.

**DONE AND ORDERED.**

## *REPORT AND RECOMMENDATION*

GARBER, United States Magistrate Judge.

THIS CAUSE is before the undersigned pursuant to an Order of Reference from United States District Judge Donald L. Graham. Pursuant to such reference, the following Report and Recommendation is submitted on (1) Defendant David L. Paul's Motion for Separate Trials of Counts, and (2) Defendant William Christopher Berry's Motion for Severance.

## *BACKGROUND*

On May 13, 1992 the Grand Jury returned a superseding indictment setting forth one hundred (100) counts charging the commission of crimes by the defendants Paul, Berry, and Pharaon. Both Paul and Berry are within the jurisdiction of this Court; the defendant Pharaon is not since he is presently at large.[1]

In the superseding indictment the defendant Paul is charged in all one hundred (100) counts and the defendant Berry is charged in twenty-two (22) counts. The indictment contains two (2) counts, 1 and 100, relating to RICO offenses charged against both Paul and Berry. Paul is charged alone in Counts 29 through 90 and 95 through 99 (the personal expense counts and income tax counts), and Counts 91 through 94 (the agency obstruction and perjury counts.) Both Paul and Berry are charged in Count 1, 2, 10 through 28 (the securities counts), and Count 100.

Both motions for severance presently before the Court contain common threads. The indictment, say the defendants, is massive in its scope, charging offenses alleged to have taken place over a six year period. They each claim that a single trial of all counts in the indictment would impose significant hardships on the jury, impair its ability to fairly consider the evidence and arrive at a verdict, impose undue burdens on the defendants and their counsel due to the sheer volume of evidence and length of trial, severely impact upon the Court's already overburdened calendar by effectively removing the Court from consideration of its massive case load for a substantial period of time, and basically impair the fair and efficient administration of justice. Additionally, the defendant Berry claims that he must be severed from Paul because, *inter alia*, of the great and dangerous risk of a "spill-over" effect of the evidence, unrelated to him, that would come before the jury on the charges against the defendant Paul alone.

In response to the defendants' claims the government asserts that this is not a complex trial and that it has the ability to "package" the various groups of charges in a manner that will permit the jury to give fair consideration to the charges as to each defendant separately from each other, thus avoiding the "spill-over" effect feared by the defendant Berry.

The government has stated that this case will take ninety (90) days to try, such time converting into eighteen (18) weeks of five (5)

---

1. The Court will not consider Pharaon's charges     in the Superseding Indictment.

days per week. The defense takes issue with the government's estimate and claims that a substantially greater period of time will be required for a trial in this case if the indictment is not severed.

The Court will hereafter consider both defendants' applications for severance: Paul seeks a severance of counts and Berry seeks a severance from the defendant Paul.

## DISCUSSION

For many years it had been assumed that there were substantial advantages to support a presumption in favor of joint trials and against severance. *United States v. Andrews,* 754 F.Supp. 1161 (N.D.Ill.1990); *United States v. Caliendo,* 910 F.2d 429 (7th Cir.1990). Accordingly, it was necessary for a defendant, in order to prevail on a motion for severance, to show " '[t]hat she could not possibly have a fair trial without a severance.' " *Caliendo, supra; United States v. Holleman,* 575 F.2d 139, 142 (7th Cir.1978).

In recent years, and it seems particularly true in the Southern District of Florida, multi-defendant and complex trials seem to be the current wave, particularly as a result of RICO prosecutions. Such trials are often referred to as "mega-trials," whose emergence has given rise to the necessity of re-examining the movant's burden in seeking severance. *Andrews, supra.*

The Second Circuit, in its opinion in *United States v. Casamento,* 887 F.2d 1141, 1152 (2d Cir.1989), *cert. denied,* 493 U.S. 1081, 110 S.Ct. 1138, 107 L.Ed.2d 1043 and 495 U.S. 933, 110 S.Ct. 2175, 109 L.Ed.2d 504 (1990), held that "in the event the estimated length of the government's case is more than four months, the prosecutor should 'present a reasoned basis to support a conclusion that a joint trial of all the defendants is more consistent with the fair administration of justice than some manageable division of the case into separate trials for groups of defendants.' " *Casamento* seems to adopt the four month duration as the measuring device for a mega-trial. The undersigned does indeed

consider this cause a complex trial rising to the level of a mega-trial.

*United States v. Garner,* 837 F.2d 1404 (7th Cir.1987), *cert. denied,* 486 U.S. 1035, 108 S.Ct. 2022, 100 L.Ed.2d 608 (1988) offers instruction for the assessment of prejudice arising from a joint trial. *Garner* sets forth four situations, any one of which would require severance, to wit:

> (1) antagonistic defenses conflicting to the point of being irreconcilable and mutually exclusive; (2) massive and complex evidence making it almost impossible for the jury to separate evidence as it relates to each defendant when determining each defendant's innocence or guilt; (3) a co-defendant's statement inculpating the moving defendant; and (4) gross disparity in the weight of the evidence against defendants.

*See United States v. Oglesby,* 764 F.2d 1273, 1276 (7th Cir.1985).

The evidence that the government claims it will offer in this case is massive and complex. The government has stated that it has approximately ninety (90) witnesses, has documentary evidence requiring seventy-five (75) pages to list, allegations of three (3) conspiracies, a large number of transactions involving offerings of CenTrust securities and bond purchases, accounting procedures and practices, and the government's intention to offer evidence dealing with over one hundred (100) overt acts and predicate offenses. Further, the language of the indictment would allow the prosecution to offer proof, at trial, of a substantial if not massive number of uncharged acts.[2] The RICO counts (1 and 100) in and of themselves support the defenses' claim that this case is too massive to be considered in a single trial.

This Court must necessarily be concerned with the ability of a jury to accord each defendant its consideration as to the evidence against each defendant because of the apparent disparity between the number of counts against Paul as compared with those against Berry. Although such issue is not necessarily prominent in this trial to involve two (2) defendants, nonetheless, this Court must be

---

**2.** See Count 2 of the Superseding Indictment and the government's Response to the Court's Standing Discovery Order.

concerned "whether any jury would be able, or even willing, to intelligently and thoroughly deliberate over the enormous volume of evidence expected at a single trial of this action." *Andrews,* 754 F.Supp. at 1176. In *Andrews* the Court noted that:

After this long and arduous trial, the jury would be required to sift through a virtual warehouse of evidence to determine what items were presented against which defendant and as to which criminal act. It would then be obliged to resolve a plethora of difficult factual issues and to strictly apply the detailed and complex law as provided by hundreds of pages of jury instructions. The inevitable length of such a trial dramatically increases the difficulty of this Herculean task. Both common sense and scientific study dictate that as the volume of evidence and corresponding length of trial increases, the degree and quality of jury comprehension decreases, proportionately. To expect any jury to accurately recall and appraise the vast amount of detailed testimonial and documentary evidence it heard many months or even a year earlier is unrealistically optimistic.

In *United States v. Gallo,* 668 F.Supp. 736 (E.D.N.Y.1987) wherein it was observed that

[A] single jury would be required to make almost a gross of separate decisions of guilt or innocence after a long and arduous trial. Much of the relevant evidence would have been introduced and stored in the jury's collective mind for many months— and a good deal of it introduced only as to certain defendants of certain charges.

668 F.Supp. at 750.

The language of the Court in *United States v. Caldwell,* 594 F.Supp. 548 (N.D.Ga. 1984) is of help to this Court in considering prejudice

which would likely accrue from the sheer inability of the jurors to assimilate and correlate applicable items of evidence to the numerous conspiracy or conspiracy-like offenses alleged ... The difficulty in this case arises from the numerosity of the conspiracy or conspiracy-like offenses alleged (5 substantive counts; two RICO predicate acts), the subtle legal distinctions

which exist between RICO, conspiracy to commit RICO, and the conspiracy charges, and the number of witnesses involved.

594 F.Supp. at 552, 553. In *Caldwell* the Court split the indictment for purposes of trial, thus "[t]he risk of juror confusion can be substantially reduced."

A joint trial of the defendants Paul and Berry, in addition to the multitude of problems evolving therefrom, presents a case where an inordinate number of limiting instructions would be required regarding the purposes for which particular evidence is sought to be introduced. Because of the sheer enormous number of anticipated government exhibits to be offered an inordinate number of limiting instructions would undoubtedly be required calling upon the jury to be governed thereby in its deliberation of facts and evidence already complex in an of themselves. Such task assigned to a jury would be impossible and accordingly adversely impact upon the defendants' rights to a fair trial. *Caldwell, supra; Gallo, supra.*

The defendant Berry claims that his inclusion in a single trial would subject him to an enormous spill-over of evidence from the counts in which he has not been charged and that such joinder permits him to seek relief pursuant to Rule 14 of the Federal Rules of Criminal Procedure. Rule 14 states as follows:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires....

As stated above, defendant Berry has been charged, jointly with Paul, in twenty-two (22) counts. Paul is charged in all one hundred (100) counts, most of which attribute offenses to Paul that involve misuse of CenTrust funds for personal reasons unrelated to his position as an officer of CenTrust. Paul is also charged with perjury and income tax violations. Such charges against Paul alone, if not severed for purposes of trial, would permit the jury to impermissibly and prejudi-

cially consider such evidence against Berry as well.

Further considerations that the Court must give to the severance motions involve the potential inconvenience to the jurors of a trial of such proportions, as well as the undue demands upon counsel and the Court. Although Berry is charged in less than twenty-five percent (25%) of the counts in the Superseding Indictment, nonetheless he and his counsel would be required to sit through a trial of great length. Such problem would be obviated by the severance hereafter recommended by the undersigned.

As stated above, the Court is adversely affected by a mega-trial of the proportions of the cause *sub judice.* The mountain of cases, both criminal and civil, awaiting disposition by this Court, undoubtedly becomes substantially larger when months of time must be devoted to the trial of a single case, a case that should be considered following an appropriate severance of counts and/or defendants.

The Court views the granting of a severance in this cause as not creating the necessity for substantially greater trial time; to the contrary, it undoubtedly will require less total trial time if divided into more than a single trial. Time needed for limiting instructions, at the outset, would be eliminated to a large degree.

In many instances in this cause conduct upon which the groups of offenses are based have no relationship to each other. For example, the counts charging agency obstruction and perjury bear no relationship to the securities and personal expenditure counts. These counts are dependent upon different witnesses and documents. Accordingly, a justification for trying such groups together has no sound basis in law. *United States v. Halper,* 590 F.2d 422, 430 (2d Cir.1978). *Halper* and *Gallo, supra,* teach that a joint trial is appropriate "only when the indictment charges crimes 'which may be proved against all the defendants by the same evidence and which result from the same or a similar series of acts.'" Thus, Rule 8 of the Federal Rules of Criminal Procedure clearly apply to Berry's severance application and dictate the granting of same.

Since all of the foregoing clearly allows the conclusion that "the public interest weighs against a joint trial in this case, the defendants have no presumption to overcome." *Casamento, supra.* Justice is best served and, indeed, mandates a severance as sought by the defendants in this cause.

Rule 2 of the Federal Rules of Criminal Procedure, when viewed in its context as applied to the cause *sub judice* offers sufficient justification, under the Court's case management authority, to clearly permit a severance. Rule 2 provides that

These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.

Further, Rules 52(a) and 57 of the Federal Rules of Criminal Procedure offer further support, under the Court's case management authority and responsibility, for the severance of this cause.

The Superseding Indictment in this case has been structured in a manner that lends itself to a severance in that it is apparently compartmentalized into four distinct groupings, to wit: (1) counts dealing with securities transactions; (2) counts dealing with the defendant Paul's personal expenses regarding his home and boat including income tax counts; (3) perjury and obstruction of governmental agencies; and, (4) RICO and RICO conspiracy counts. Further, the structure of the counts as to the defendants Paul and Berry is also such as to allow for a severance in such a manner that will permit prosecution of the charges in two (2) trials that would ensure the removal of potential spill-over as feared by Berry and would permit the case to proceed against Paul on those counts in which he is the sole defendant.

## CONCLUSIONS AND RECOMMENDATIONS

The defendants Paul and Berry have made sufficient showings to allow this Court to conclude that severance of defendants and counts is necessary in this cause.

Accordingly, and for the reasons set forth above, the undersigned hereby

RECOMMENDS that both Paul's and Berry's Motions for Severance be GRANTED and that the cause proceed as follows:

1. That the trial against David L. Paul proceed to trial first on those counts in the Superseding Indictment, Counts 29 through 99, in which Paul is named as a sole defendant;

2. Following the trial of Paul, the defendants Paul and Berry should be tried on the remaining counts, to wit: Counts 1, 2, 10 through 28, and Count 100; and it is further

RECOMMENDED that the pending Motions to Dismiss as to Counts 29 through 99 shall be considered by the Court following the adoption of this Report and Recommendation by United States District Judge Donald L. Graham or, if not adopted by the Court, immediately upon the entry of the District Judge's order as pertains to this Report and Recommendation.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with the Honorable Donald L. Graham, United States District Judge. *See* 28 U.S.C. § 636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir.), *cert. den.,* 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988).

RESPECTFULLY SUBMITTED this 17th day of August, 1993.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

THIS CAUSE was the subject of a previous Report and Recommendation filed on August 17, 1993 wherein the undersigned recommended a severance of counts for the purpose of trial, thus mandating two (2) separate trials. Inadvertently the Court overlooked reference to Counts 3 through and including 9.

Upon careful consideration and the Court being fully advised in the premises by and through submissions made on behalf of the government and the defendant Paul, it is hereby

RECOMMENDED that Counts 3 through and including 9 of the Superseding Indictment be tried as part of the second trial wherein the defendants Paul and Berry are to be tried jointly. Counts 3 through and including 9 of the Superseding Indictment allege matters related to those counts of the indictment to be tried in the second trial[1] and are appropriately to be considered by the trier of fact during such second trial; and it is further

RECOMMENDED that in the event the District Judge affirms the Report and Recommendation dated August 17, 1993 wherein it is recommended that the defendant Berry's Motion for Severance (actually a Motion for Separation of Counts) and that the defendant Paul's Motion for Severance be granted that the time from the entry of the District Judge's order of affirmance until the joint trial of Paul and Berry be excluded from any speedy trial calculations as to the defendants Paul and Berry.

RESPECTFULLY SUBMITTED this 10th day of September, 1993.

---

1. The RICO and securities/regulator conspiracy    counts.